UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANGELA HUNTER,
an individual,

      Plaintiff,

                            CASE NO: 5:13-cv-1257

vs.

THE COYOTE GROUP, LLC,

      Defendant.

_____/

## COMPLAINT

Plaintiff, Angela Hunter ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues The Coyote Group, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.      Venue is proper in this Court, the Northern District of Ohio pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Ohio.

3.      Plaintiff, Angela Hunter (hereinafter referred to as "Hunter") is a resident of Wooster, Ohio and is a qualified individual with a disability under the ADA. Hunter suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is a C-4 quadriplegic, requires the use of a wheelchair for mobility and has limited use of her upper

extremities.  Prior to instituting the instant action, Hunter visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA.  Hunter continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, The Coyote Group, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Ohio.  Upon information and belief, The Coyote Group, LLC (hereinafter referred to as "Coyote Group") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically:  Today's Kitchen Store located at 116 South Market Street in Wooster, Ohio and the Omahoma Bob's Barbecue located at 128 South Market Street in Wooster, Ohio (hereinafter referred to as "Store" and "Restaurant," respectively).

5. All events giving rise to this lawsuit occurred in the Northern District of Ohio.

### COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*.  Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Store and Restaurant owned by Coyote Group are places of public accommodation in that they are a gourmet kitchenware store and a barbecue restaurant operated by a private entity that provides goods and services to the public.

2

8.      Defendant, Coyote Group, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Store and Restaurant in derogation of 42 U.S.C §12101 *et seq.*

9.      The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at Store and Restaurant owned by Coyote Group.  Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Store and Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered.  In addition, Plaintiff continues to desire and intends to visit the Store and Restaurant, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Store and Restaurant in violation of the ADA.  Hunter has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10.      Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11.      Coyote Group is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

Today's Kitchen Store

    i.      Sufficient clear floor space is not provided on the pull side of the door for a wheelchair user to enter the store independently;

    ii.      The service counter is too high for a wheelchair user;

    iii.      Access to the toilet room is obstructed by stock placed in the path of travel;

    iv.      Upon information and belief, the toilet rooms lack accessible features.

<u>Omahoma Bob's Barbecue</u>

    v.      An accessible entrance to the Restaurant is not provided for a wheelchair user due to an abrupt change in level  at the entrance;

    vi.      Sufficient clear floor space is not provided on the pull side of the door for a wheelchair user to enter the Restaurant independently;

    vii.      Sufficient maneuvering clearance for a wheelchair user is not provided in the women's toilet room;

    viii.      Sufficient maneuvering clearance for a wheelchair user is not provided on the pull side of the door to exit the toilet room.

12.     There are other current barriers to access and violations of the ADA at the Store and Restaurant owned and operated by Coyote Group that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.     To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.     Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Coyote Group was required to make its Store and Restaurant, places of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, Coyote Group has failed to comply with this

mandate.

15.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Coyote Group pursuant to 42 U.S.C. §12205.

16.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against The Coyote Group, LLC, and requests the following injunctive and declaratory relief:

A.     That the Court declare that the property owned and administered by Defendant is violative of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.     That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.     That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 6th day of June 2013.

Respectfully submitted,

By:     /s/ Michael A. Chester       
                Michael A. Chester, Esq.
                Bar No.: ASB-3904-L74C

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:     (205) 822-2701
Facsimile:      (205) 822-2702
Email:          mchester@szalaw.com